Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4303 | **DATE** | March 12, 2001 |
| **CASE TITLE** | BERMAN V. BIG DOG, USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss the complaint [13-1] is granted in part and denied in part. Plaintiff's claim for copyright infringement (Count VIII) is dismissed with prejudice. Defendant's motion is denied as to all the remaining counts. A status conference is set for March 27, 2001 at 9:30 a.m. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| x | Notices MAILED by judge's staff. | | MAR 14 2001 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3/12/01 date mailed notice | |
| | Copy to _____ | | | |
| KAM | courtroom deputy's initials | | KAM | |
| | | Date/time received in central Clerk's Office (Reserved for use by the Court) | mailing deputy initials | |

00-4303.001-LH								March 12, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER BERMAN, individually and d/b/a HUMERUS CARTOONS <br><br> Plaintiff <br><br> v. <br><br> BIG DOG USA, INC. a California corporation, d/b/a BIG DOG SPORTSWEAR <br><br> Defendant. | No. 00C4303 <br><br> DOCKETED <br> MAR 1 4 2001 |

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons explained in this opinion, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Jennifer Berman, a cartoonist, brought this action against defendant, Big Dog USA, Inc., a sportswear manufacturer. The following facts are drawn from Berman's complaint and are taken as true for the purpose of this motion. Berman claims that Big Dog expropriated her proprietary and economic interests in certain of her cartoon works. The ten count complaint seeks injunctive and other relief from Big Dog for violations of (1) the Copyright Act,

17 U.S.C. § 101 et seq.; (2) the Lanham Act, 15 U.S.C. §§ 1121, 1125(a) (unfair competition, trade dress infringement and false advertising); (3) the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2; and (4) Illinois common law (unfair competition and trade mark infringement).

The case has its origins in two cartoon postcards created by Berman in the early 1990s. One of the postcards is titled "REASON #726 WHY DOGS ARE BETTER THAN MEN: NO DOG EVER VOTED TO CONFIRM CLARENCE THOMAS." The associated illustration shows a dog standing over a newspaper with the headline "THOMAS OK'D, US GOES TO HELL IN HAND BASKET." Wearing a grimace, the dog is emitting a "thought bubble" with the word "IDIOTS." The second postcard is titled "WHY DOGS ARE BETTER THAN MEN, REASON #612: THE WORST SOCIAL DISEASE YOU CAN GET FROM THEM IS FLEAS." The associated illustration shows a stern-faced woman, standing with her hands on her hips and looking at a dog which is scratching itself. Beneath the illustration, additional text reads: "OK. THE REALLY WORST DISEASE YOU CAN GET FROM THEM IS RABIES, BUT THERE'S A VACCINE FOR IT, AND YOU GET TO KILL THE ONE WHO GIVES IT TO YOU." Both postcards contain a reproduction of Berman's signature accompanied by a copyright notice. See Cmplt. at Exh. A. Berman made the postcards available for sale to the public and included them in her 1993-94 mail order catalogue.

In 1993, Berman compiled a book of her cartoons entitled "WHY

DOGS ARE BETTER THAN MEN." The front cover of the book contains an illustration of a woman and a dog sitting on a sofa watching television. The dog is helping itself to some popcorn from a bag which the woman is holding. In addition to the title and Berman's name, the cover contains the following statement: "'JENNIFER BERMAN IS MY FAVORITE CARTOONIST -- AND I'M A CAT PERSON.' -- DEBORAH TANNEN, AUTHOR OF YOU JUST DON'T UNDERSTAND AND THAT'S NOT WHAT I MEANT!" The book reproduces the two postcards mentioned above and, in the words of the complaint, "contains approximately 74 other cartoons with a consistent theme and underlying tone, also comprised of text and artwork depicting a cartoon setting consistent with the text." Cmplt. at 3. The book contains the standard proprietary notices, including a copyright notice. See Cmplt. at Exh. B.

Big Dog manufactures and distributes sportswear apparel to consumers and corporate customers throughout North America and worldwide. In addition to its wholesale division, Big Dog operates approximately 182 retail stores and conducts sales over the internet. In May 2000, Berman learned that Big Dog had manufactured and distributed two t-shirts. The first t-shirt contains the graphic "WHY BIG DOGS ARE BETTER THAN MEN." The term "BIG DOGS" is accompanied by an illustration of a dog character that appears on all of defendant's products. Underneath the graphic, the t-shirt lists seven reasons why big dogs are better

than men:

> Dogs are completely satisfied with a hug and a pat on the head.
> Dogs never complain about the meal you serve them.
> Dogs don't need to hold the remote control.
> A Dog will happily sleep on the couch.
> Dogs wait patiently outside while you're shopping . . . and don't care how much you spend.
> You don't have to like your Dog's friends or family.
> Dogs always know who's really in charge.

Cmplt. at Ex. C. The second t-shirt, which is similar in style and appearance to the first, contains the graphic "WHY BIG DOGS ARE BETTER THAN WOMEN," and the following punchlines:

> The later you are, the more excited a Dog is to see you.
> Dogs never have to examine the relationship.
> Dogs love it when your friends come over.
> Dogs never refuse to play with you just because you're drunk.
> Dogs are always grateful when you take them out.
> No Dog has ever asked, "Do these pants make me look fat?"

Cmplt. at Ex. C. Underneath the text on both t-shirts, the name "Big Dog Sportswear" appears in small print accompanied by copyright and trademark symbols and the date 1999. See Cmplt. at Ex. D. The tags on the t-shirts contain a graphic of the Big Dog character accompanied by a trademark symbol and the caption "BIG DOGS Santa Barbara" also accompanied by a trademark symbol. See Cmplt. at Ex. E.

Berman asserts that Big Dog knowingly expropriated the name, mark and features of Berman's work. The complaint alleges that Big Dog unlawfully distributed the t-shirts, omitting Berman's name, signature and copyright notice and instead substituting its own copyright and trademark notices. According to Berman, the t-shirts

create several false and misleading impressions: that Berman's work comprises a registered trademark of Big Dog Sportswear, that Berman has altered her work or is willing to allow the marketing of a "mutilated" version of her work and that Berman endorses Big Dog's treatment of the topics raised on the t-shirts. The complaint alleges further that the continued distribution of the t-shirts is likely to cause confusion among consumers by falsely suggesting that the work is in fact authored by Big Dog and/or that it is somehow connected with Berman.

Big Dog has moved to dismiss all counts of the complaint. As a preliminary matter, we note that the resolution of Berman's state law claims for trademark infringement (Count III), unfair competition (Count IV), consumer fraud (Count V) and deceptive trade practices (Count VI) mirrors the resolution of her federal claims under the Lanham Act. Gimix, Inc. v. JS & A Group, Inc., 699 F.2d 901, 908 (7th Cir. 1983); Warrior Ins. Group, Inc. v. Insureon.com, Inc., 2000 WL 1898867 at *2 (N.D. Ill. Dec. 29, 2000) (noting that state and federal law provide parallel protection in the area of trademark infringement and unfair competition). Thus, we will address Bog Dog's motion as it relates to Berman's copyright claim (Count VIII) and her Lanham Act claims for unfair competition (Count I), trade dress infringement (Count VII) and false advertising (Count II), respectively.

**DISCUSSION**

I. **Copyright Infringement**

To make out a claim for copyright infringement, a plaintiff must show ownership of a valid copyright and "the copying of constituent elements of the work that are original." Feist Publications v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." Id. at 345. The threshold for creativity is low and the majority of works will meet it provided they possess "some creative spark." Nevertheless, the existence of this minimum threshold enables authors to protect any truly original expression and, at the same time, "encourages others to build freely upon the ideas and information conveyed by a work." Id. at 349-50. Where a plaintiff has copyrighted an original expression, an infringement may be found to exist even where the defendant does not copy the original expression in a literal manner. The plaintiff need only establish that the alleged infringing work is "substantially similar" to the protectible expression in the copywritten work. Matthews v. Freedman, 157 F.3d 25, 27 (1st Cir. 1998). Substantial similarity turns on whether "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." Theotokatos v.

Sara Lee Personal Products, 971 F. Supp. 332, 341 (N.D.Ill. 1997) (quoting Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960) (Learned Hand, J.)).

In Count VIII of the complaint, Berman alleges that defendant's manufacture and distribution of the t-shirts infringes Berman's exclusive rights in her copyrighted works, specifically, the two cartoon postcards, the 1993-94 catalog and the first book.[1] These works may be categorized under the Copyright Act as literary works (and possibly also pictorial and graphic works). 17 U.S.C. §102. As the owner of a copyright, Berman enjoys exclusive rights: (1) to reproduce the copyrighted work; (2) to prepare derivative works based on the copyrighted work; (3) to distribute copies of the copyrighted work; (4) to perform the copyrighted work permanently; and (5) to display the copyrighted work publicly. 17 U.S.C. § 106. Count VIII alleges that Big Dog infringed the first and third of these rights, namely, reproduction and distribution. We might also infer an allegation that Big Dog has encroached upon Berman's right to prepare derivative works.[2] Big Dog does not dispute the validity of Berman's copyright in her works as a whole.

---

[1] Berman alleges that she has "authored and compiled, and obtained publication and distribution for, at least two more books" of her cartoons in what she describes as the "Why Dogs are Better Than" series. Cmplt. at 3. However, the complaint does not state that these additional books (or their contents) are protected by copyright. Moreover, the only materials for which Berman has provided evidence of copyright registration are the 1993-94 mail order catalog and the first book. See Cmplt. at Exhs. F & G.

[2] A "derivative work" is defined as a work based upon one or more preexisting works such as an "abridgment, condensation, or any other form in which a work has been recast, transformed, or adapted." 17 U.S.C. §101.

Instead, Big Dog argues that the aspects of Berman's work that were allegedly copied, namely, (1) the idea of comparing dogs and men for humorous purposes and (2) the title or phrase "Why dogs are better than men", are not copyrightable subject matter.

It is axiomatic that copyright law gives authors exclusive rights in the original expression of ideas rather than the ideas expressed. Theotokatos, 971 F. Supp. at 341; 1 Melville Nimmer & David Nimmer, Nimmer on Copyright, §2.03[D](2000). The Copyright Act expressly excludes from its ambit of protection "any *idea*, procedure, process, system, method of operation, *concept*, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in [a] work." 17 U.S.C. § 102(b) (emphasis added). See also Erickson v. Trinity Theatre, Inc., 13 F.3d 1061, 1071 (7th Cir. 1994). ("To qualify as an author, one must supply more than mere direction or ideas.") As we read Count VIII, the gravamen of Berman's claim is that Big Dog has unlawfully expropriated Berman's *idea* of comparing dogs and men for humorous purposes as opposed to the *expression* of that idea in its cartoon format. But that idea, like any other, is not protected by copyright. Even assuming that the idea of comparing dogs to men for humorous purposes is original to Berman, there is nothing in the statute to prevent Big Dog from using and adapting

that idea in the manner alleged.³

Berman seeks to sidestep the ideas/expression dichotomy by isolating elements of her work that were allegedly protected and unlawfully reproduced. The complaint alleges that Big Dog has copied "portions" of the copyrighted works. Cmplt. at 13. The "portions" at issue are not specified but from a comparison of the cartoon and t-shirt images (as they are represented in exhibits attached to the complaint), we infer that Berman is referring to the title or phrase "why dogs are better than men."⁴

A Copyright Office Regulation instructs that "words and short phrases such as names, titles, slogans . . ." are not subject to copyright protection. 37 C.F.R. §202.1(a)(1999). There is ample support for this position in the case law. See, e.g., Alberto-Culver Co. v. Andrea Dumon, Inc., 466 F.2d 705, 711 (7th Cir. 1972) (holding that the phrase "most personal sort of deodorant" which appeared on the back of a feminine hygiene spray can did not qualify as "as an appreciable amount of original text"); Perma Greetings, Inc. v. Russ Berrie & Co., 598 F. Supp. 445, 448 (E.D. Mo. 1984) ("Cliched language, phrases and expressions conveying an

---

³Understandably, Berman does not use the actual term "idea." Instead, the complaint refers to "the total concept and feel," "the combination of elements in an arrangement or layout" and "the underlying tone" of her work. Cmplt. at 13. But this amounts to no more than dressing the wolf in sheep's clothing. Regardless of the label, these amorphous qualities fall within the statutory exclusion for ideas, concepts and methods. 17 U.S.C. §102(b).

⁴This is the only reasonable inference we can draw from such a comparison. The t-shirts do not use any other distinct feature of Berman's work, such as the artwork or punchlines.

idea that is typically expressed in a limited number of stereotypical fashions, are not subject to copyright protection"). We recognize that the phrase "why dogs are better than men" is central to Berman's expression of the idea of comparing dogs and men for humorous purposes or indeed the more general notion of comparison for cartoon purposes. But just as these ideas are not original to plaintiff, so the phrase is no more than a fairly standard way of expressing those ideas in a cartoon format. Simply put, the phrase lacks the minimum degree of creativity necessary to warrant copyright protection. See 1 Nimmer on Copyright, §2.01 at 17 (noting that a short phrase will only command copyright protection if it exhibits sufficient creativity).

A decision of one of our colleagues in Sweet v. City of Chicago, 953 F. Supp. 225, 229 (N.D.Ill. 1996) (Andersen, J.) is directly on point. The authors of a guidebook entitled "Eat Your Art Out Chicago" alleged that the City of Chicago's "Eat Your Art Out" art fair infringed their copyright. The court granted the City's motion to dismiss. It held that the phrase in question is "no more than a minor variant of the well-known phrase 'eat your heart out' that might readily occur to anyone expressing (in his own fashion) the (unprotected) "idea" of connecting art and eating." We find this reasoning persuasive. The phrase "Why Dogs are Better Than Men" might similarly occur to anyone expressing the idea of comparing dogs and men for humorous purposes. Thus, we

find that Berman has alleged infringement of two elements of her work (the title or phrase, "why dogs are better than men" and the underlying idea of comparing dogs and men for humorous purposes) neither of which is protected by copyright.

Defendant does not dispute that the remaining elements of Berman's work are protected by copyright. The remaining issue, then, is whether, based on these elements, Berman has alleged a "substantial similarity" between her work and that of Big Dog. Plaintiff does not suggest that defendant's t-shirt images are exact reproductions of her cartoons: there is no allegation that any of defendant's t-shirts replicate either of the two original postcard cartoons or any of the 74 other cartoons that appear in Berman's first book. Indeed, the complaint details significant differences between the respective works, for example, in terms of the medium (postcards, catalogs and books as opposed to t-shirts), the content and arrangement of text, and the use of illustration. We do not believe that an "ordinary observer" would be disposed to overlook these disparities. Theotokatos, 971 F. Supp. at 341 (citation omitted). In other words, we reject Berman's suggestion that Big Dog has captured the "total concept and feel" of Berman's cartoon works. Id. (citation omitted). Since the complaint does not adequately allege a substantial similarity, we find that Berman has failed to state a claim for infringement even as to those

elements of her work that are protected by copyright.[5]

II. **Unfair Competition**

"The law of trademark and tradename infringement or unfair competition precludes one from using the distinctive mark or name of another if it will deceive or cause a likelihood of confusion as to the origin of the goods involved." Bernina of America, Inc. v. Fashion Fabrics International, Inc., 2001 WL 128164, at *2 (N.D.Ill. Feb. 9, 2001) (citation omitted). In Count I, Berman alleges that Big Dog has expropriated her servicemark, trademark and tradename in her unique cartoon works in violation of section 43(a) of the Lanham Act, which provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which --
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> (B) in commercial advertising or promotion,

---

[5] We might also note that even if the phrase "why dogs are better than men" were copyrightable subject matter, it would not necessarily follow that Big Dog's use of the phrase is "substantially similar" to Berman's. First, Big Dog's t-shirts use the term "Big Dogs," as opposed to "dogs," a reference to the Big Dog character that appears on all of defendant's merchandise. Indeed, the term "Big Dogs" is accompanied by Big Dog's standard cartoon graphic of the Big Dog character. Second, one of the two t-shirt images compares Big Dogs to women, as opposed to men. These differences underscore the conclusion that Big Dog has not encroached upon Berman's particular expression of the general, underlying idea.

>    misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. §1125(a).

To assert a claim for unfair competition, Berman must plead: (1) that she has a protectable mark; and (2) that the public is likely to be deceived or confused as to the origin of the parties' respective products. Bernina, 2001 WL 128164 at *2 (citing cases). Big Dog has moved to dismiss Count I, arguing that Berman's allegations are insufficient. We disagree.

Count I states that Berman developed the phrase "Why Dogs Are Better Than . . ." in combination with certain features that comprise her unique cartoon works "as a servicemark, trademark, and tradename in association with her business activities." Cmplt. at 4-5. It states further that said mark has become well and favorably associated with Berman and her unique sense of humor and has become a substantial and valuable property interest. These allegations are sufficient to establish the first element of Berman's claim, namely that Berman had a distinctive, protectable mark. Mil-Mar Shoe Co. v. Shonac Corp., 75 F.3d 1153, 1156 (7th Cir. 1996) (noting that descriptive terms that have secondary meaning and terms that are either suggestive, arbitrary or fanciful are entitled to trademark protection); G. Heileman Brewing Co. v.

Anheuser-Busch, Inc., 873 F.2d 985, 991 (7th Cir. 1989).

As to the second element, Big Dog contends that the allegations of "confusion" are conclusory at best. Berman alleges that her cartoons contain wholly original text and artwork and that she developed her "Why Dogs Are Better Than Men" series using a consistent style, theme and underlying tone. Each of Berman's cartoons allegedly reflects her unique sense of humor. The original cartoons and the first book are accompanied by Berman's signature and the copyright symbol. The complaint asserts that Big Dog's t-shirts expropriate the title "Why Dogs Are Better Than" and the style, theme, tone and overall look and impression of Berman's work.

We recognize that there are significant differences between the parties respective products, for example, in terms of content, the arrangement of text and the use of illustration. See Cmplt. at Exhs. A, B & C. Even so, the similarities are such that we cannot discount the likelihood of confusion in the minds of consumers as to the origin or authorship of Big Dog's t-shirt images. Taking Berman's allegations as true, as we must for purposes of this motion, it is reasonable to draw such an inference.[6] Thus, we are

---

[6] Defendant relies on Sweet v. City of Chicago, 953 F. Supp. 225, 231 (N.D. Ill. 1996) for the proposition that goods that are unrelated as a matter of law are not susceptible to a finding of likelihood of confusion. The court held that a guidebook that provided information about restaurants that display works of art and an art fair were not related as a matter of law. Big Dog points out that Berman sells books while it sells t-shirts. Nevertheless, we agree with Berman that there is a relatedness between cartoon humor and t-shirts.

satisfied that Berman has stated a claim for unfair competition.[7]

## III. Trade Dress Infringement

For similar reasons, we conclude that Berman has adequately pled a claim of trade dress infringement. Section 43(a) of the Lanham Act also protects trade dress, a term which refers to the "total image of a product, including features such as size, shape, color or color combinations, texture, graphics or even particular sales techniques." Syndicate Sales, Inc. v. Hampshire Paper Corp., 192 F.3d 633, 636 (7th Cir. 1999) (quotation and citation omitted). In order to prevail on a claim of trade dress infringement a plaintiff must show (1) that its trade dress is inherently distinctive or has acquired secondary meaning and (2) that the similarity of the defendant's trade dress causes a likelihood of confusion on the part of consumers as to the source or affiliation of the products. Thomas & Betts Corp. v. Panduit Corp., 138 F.3d 277, 291 (7th Cir. 1998). Trade dress is inherently distinctive if, given the product's overall appearance, it is "suggestive,

---

[7]In contrast to the "substantial similarity" determination for purposes of Berman's copyright claim, a comparison of the parties' products under the Lanham Act takes into consideration the features of Berman's work that are not protected by copyright, namely (1) the ideas underlying Berman's work and (2) the phrase "why dogs are better than . . .". This distinction is crucial in the present case since the similarities between the products reside almost exclusively in these features. Hence, while we find that the products are not "substantially similar" for copyright purposes, they are sufficiently similar to suggest the possibility of confusion on the part of consumers for purposes of the Lanham Act. See 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, §2.16 at 188-91 (2000) (noting that protection for a title must be found under a theory of law other than copyright, such as a passing off theory of unfair competition).

arbitrary or fanciful" or it "serves to identify the source of the product." Planet Hollywood (Region IV) v. Hollywood Casino, 80 F. Supp.2d 815, 888 (N.D.Ill. 1999) (quotation and citations omitted).

Count VII asserts that plaintiff has acquired trade dress rights in "Why Dogs Are Better Than . . ." and other aspects of her cartoon works, by virtue of her adoption and use of her tradename, mark and features and the total image and overall impression of her work. Elsewhere in the complaint, plaintiff alleges that features of her work are publicly associated with Berman and her unique sense of humor. These allegations are sufficient to state the first element of plaintiff's claim, namely, distinctiveness. And for the reasons stated above with respect to the unfair competition claim, we are satisfied that Berman has adequately pled confusion on the part of consumers as to the source or affiliation of Big Dog's t-shirts.

### IV. False Advertising

Finally, Big Dog moves to dismiss Count II on the ground that Berman has inadequately pled a claim of false advertising. Under section 43(a)(1)(B) of the Lanham Act, a plaintiff must allege that the defendant (1) made a false or misleading statement; (2) that actually deceives or is likely to deceive a substantial segment of the advertisement's audience; (3) on a subject material to a decision to purchase goods moving in interstate commerce; (4)

that results in actual or probable injury to plaintiff. <u>B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.</u>, 168 F.3d 967, 971 (7th Cir. 1999) (citing cases); <u>The Gorgonz Group, Inc. v. Marmon Holdings, Inc.</u>, 2001 WL 103406, at *3 (N.D.Ill. Jan. 30, 2001). A statement need not be literally false; it is enough that the statement conveys a false impression, is misleading, or is likely to deceive consumers. <u>Hot Wax, Inc. v. Turtle Wax, Inc.</u>, 191 F.3d 813, 820 (7th Cir. 1999).

Berman has alleged the following: (1) that Big Dog marketed its t-shirts through various media including the internet; (2) that Big Dog's advertising conveyed several false and misleading impressions, specifically, that Berman's work is copyrighted to and comprises a registered trademark of Big Dog Sportswear and/or that Berman has altered her work or allowed a mutilated version to be marketed and/or that Berman endorses or is associated with Big Dog's products; (3) that Big Dog thereby deceives consumers as to subjects material to their decision whether to purchase the t-shirts; and (4) that Berman has suffered irreparable harm and economic injury as a result. These allegations are sufficient to state a claim for false advertising.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint is granted in part and denied in part. Plaintiff's claim

for copyright infringement (Count VIII) is dismissed with prejudice. Defendant's motion is denied as to all the remaining counts.

A status conference is set for March 27, 2001 at 9:30 a.m.

Date:   March 12, 2001

ENTER:  _____
        John F. Grady, United States District Judge